United States District Court
Southern District of Texas
ENTERED
July 28, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAY PORTNER,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 1:25-cv-255 |
| REGENCY IHS OF RAYMONDVILLE, LLC., *et. al.*,<br>Defendants. | §<br>§<br>§<br>§ | |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS**

## I. Synopsis

Benjamin Portner died on August 27, 2024, at the Windsor Nursing and Rehabilitation Center in Raymondville, Texas. His widow, Kay Portner, sues the nursing facility, claiming their chronic understaffing led to a lack of care that caused Mr. Portner's death. Kay Portner sues in federal court, claiming the Starr County Hospital District owns and operates the Windsor facility. Windsor and its related company claim there is no federal case to be made because there is neither a policy of the hospital district that caused the deprivation of Mrs. Portner's constitutional rights nor any state action by Windsor and its related company to keep this case in federal court. The issue before the Court is whether Windsor is a state actor and through their policies they violated a constitutional right that cause Mr. Portner's death. Mrs. Portner fails to invoke a valid 1983 claim as she fails to plead sufficient facts for this Court to find Windsor is a state actor. The Court also finds no policy attributable to the Starr County Hospital District which would support a federal *Monell* claim. Therefore, this Court recommends granting the motion to dismiss this cause of action in federal court.

## II. Jurisdiction and Venue

This court retains jurisdiction of this § 1983 action pursuant to 28 U.S.C. § 1331, federal question jurisdiction. This court recommends the District Court decline to exercise supplemental jurisdiction under 28 U.S.C. §1367 over the Plaintiff's state law claims.

Venue is proper in the United States District Court for the Southern District of Texas, Brownsville Division, because a substantial portion of alleged events giving rise to this lawsuit occurred in this geographical jurisdiction. *See* Dkt. No. 15 at 2. (stating the nursing center is located in Raymondville, Willacy County, Texas); 28 U.S.C. §1391(b)(2) (noting that a civil action may be brought in the judicial district where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

## III. Factual History

The following facts are pled in Plaintiff's First Amended Complaint. Dkt. No. 15. Plaintiff is a resident of Raymondville, Texas. *Id.* at 2. Plaintiff is the widow of decedent Benjamin Portner, who passed away on August 27, 2024. *Id.* Windsor Nursing and Rehabilitation Center of Raymondville is a nursing facility owned by Starr County Hospital District. *Id.*

Decedent, Benjamin Portner, was admitted to Regency IHS of Raymondville, LLC—doing business as Windsor Nursing and Rehabilitation Center of Raymondville ("Center") on November 29, 2023. *Id.* at 4. Decedent Mr. Portner was hospitalized in April of 2024 for malnutrition. *Id.* at 5. During this hospitalization, Plaintiff Mrs. Portner discovered an ulcer on Mr. Portner. *Id.* The next month, Plaintiff discovered a second ulcer on Mr. Portner and filed a written complaint with the nursing facility. *Id.*[1] In May of 2024, Decedent Mr. Portner was transported from the nursing facility to Valley Baptist Medical Center in Harlingen, Texas, for medical services. *Id.* The next month, June 2024, Decedent Mr. Portner, having been found unresponsive at the nursing facility, was again transported from the nursing facility to Valley Baptist Medical Center in Harlingen. *Id.* at 6. The next month, July 2024, Decedent Mr. Portner developed sepsis. *Id.* He died the following month, on August 27, 2024, at the nursing facility. *Id.*

[1] Plaintiff later states that Decedent Mr. Portner "had a Stage 3 pressure ulcer on his left buttock and a Stage pressure ulcer on his right buttock." Dkt. No. 15 at 6.

## IV. Procedural History

On November 7, 2025, Plaintiff Kay Portner, proceeding individually and on behalf of the estate of Benjamin Portner, initially filed suit against Regency IHS of Raymondville, LLC—doing business as Windsor Nursing and Rehabilitation Center of Raymondville ("Center")—and Regency Integrated Health Services, LLC ("Regency"). Dkt. No. 1. After receiving the summons, Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 13. Afterwards, Plaintiff amended her complaint in compliance with Rule 15 of the Federal Rules of Civil Procedure.[2] Dkt. No. 15. In the First Amended Complaint, Plaintiff named an additional defendant, Starr County Hospital District ("Hospital District"). Dkt. No. 13. As a result of Plaintiff filing an amended complaint, the Court mooted Defendant's Motion to Dismiss (Dkt. No. 13) and set a deadline for Defendants to file a responsive pleading. Dkt. No. 19. The Court later issued a scheduling order. Dkt. No. 20.

All three Defendants, Regency IHS of Raymondville, LLC—doing business as Windsor Nursing and Rehabilitation Center of Raymondville; Regency Integrated Health Services, LLC; and Starr County Hospital District, timely filed "Defendants' Amended 12(b)(6) Motion to Dismiss." Dkt. No. 21. Regarding Plaintiff's claims against Starr County Hospital District, Defendants argue that while the Starr County Hospital District is a state actor for purpose of a Section 1983 claim, Plaintiff has failed to show that there is an official policy or custom which caused the alleged constitutional deprivation. Dkt. No. 21 at 3. Regarding Plaintiff's claims against Center and Regency, Defendants argue that Plaintiff has failed to plead facts showing that either private entity can be considered a state actor under Section 1983. Dkt. No. 21 at 6-7. Lastly, Defendants request the Court refuse to exercise supplemental jurisdiction over the remaining state law claims because Plaintiff has not sufficiently pleaded a federal law claim. Dkt. No. 21 at 8.

Plaintiff filed a timely Response in Opposition. Dkt. No. 23. Plaintiff argues that her First Amended Complaint sufficiently pleads a policy and custom for which Hospital

---

[2] *See* Fed. R. of Civ. P. 15(a)(1)(B) (stating "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)[.]").

District is responsible. Dkt. No. 23 at 6. Plaintiff also contends that she adequately pleaded facts which demonstrate "a nexus between all defendants and a joint participation between all defendants." Dkt. No. 23 at 9. Plaintiff poses alternatively that leave to amend the complaint should be granted instead of a dismissal with prejudice. Dkt. No. 23 at 10.

Defendants timely filed a Reply. Dkt. No. 24. Defendants argue again that Plaintiff's complaint fails to plead sufficient facts to establish a Section 1983 claim. Dkt. No. 24 at 3-12. Additionally, Defendants request the Court deny Plaintiff's request to grant leave to amend her complaint, noting that Plaintiff has already amended her complaint once.

## V. Standard of Review

Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged*." Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. *Id.* at 679.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.,* 938 F.3d 724, 735 (5th Cir. 2019). All well-pled facts must be viewed in the light most favorable to the plaintiff. *Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan,* 960 F.3d 190, 194 (5th Cir. 2020).

Still, "regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.' " *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (*S. Christian Leadership Conf. v. Supreme Court of La.*, 252 F.3d 781, 786 (5th Cir. 2001)). *See also Ashcroft v. Iqbal,* 556 U.S. at 663 (2009) (clarifying that the tenet that a court must accept a complaint's allegations as true is inapplicable to

threadbare recitals of a cause of action's elements, supported by mere conclusory statements).

Dismissal for failing to state a claim upon which relief can be granted is a dismissal on the merits and with prejudice. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

## VI. Analysis

### *a. Plaintiff fails to establish either the Center or the Regency is a state actor.*

A plaintiff states a claim under Section 1983 when the plaintiff "allege[s] facts showing that he was deprived of a right secured by the Constitution and the laws of the United States, *and* that the deprivation of that right was by a defendant acting under color of state law." *Little v. Perry Homes, LLC*, No. 4:19-CV-00276, 2019 WL 1557182, at *2 (S.D. Tex. Apr. 10, 2019) (Hanen, J.) (emphasis added). In *Daigle v. Opelousas Health Care, Inc.,* the Fifth Circuit Court of Appeals emphasized that, in fact, Section 1983 "protects *only* against deprivations of civil rights that are 'under color of state law.' " *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348 (5th Cir. 1985) (emphasis added). Additionally, the Court of Appeals stated further that "a general state involvement with the corporation or industry is not sufficient to support a claim." *Id.* In particular, the Court of Appeals provided the following guidance:

> "[T]he inquiry must be whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." The involvement must be directly related to the action that gives rise to the § 1983 claim. State action can be found "only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." A state is not responsible for a private party's decisions unless it "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." The state's role must be active; approval or acquiescence in a private party's actions is not enough.
>
> *Id.* at 1348-1349 (footnotes omitted).

For the Plaintiff to plead sufficient facts "to state a claim to relief that is plausible on its face," she must plead the Center and Regency acted under color of state law.

The Plaintiff claims to get there through the Hospital District. The Plaintiff states the nursing facility "was acting under the color of state law." Dkt. No. 15 at ¶¶ 19, 69. Plaintiff also states that the nursing facility "gains much of its revenue and profit from taxpayer dollars by participating in federal and state-funded Medicare and Medicaid programs." *Id.* at ¶ 43.

Defendants argue that Plaintiff's assertions that the nursing facility acted under the color of state law are only a legal conclusion. Dkt. No. 21 at 6. Defendants also assert that receipt of state funds does not satisfy the state actor requirement. *Id.* Regarding Defendant Regency, Defendants argue again that Plaintiff only states Regency "was acting under the color of state law," and that Plaintiff's use of "Defendants" throughout the complaint does not suffice to assert Regency is a state actor. *Id.* at 8.

Plaintiff contends that she "explicitly alleges that the Hospital District is a political subdivision of the State of Texas and a government agency that owns and operates" the nursing facility. Dkt. No. 23 at 8. Plaintiff also asserts that alleging that all Defendants "jointly owned and operated" the nursing facility; that the nursing facility "was acting under the control of Defendants"; and that the Starr County Hospital District was "acting" through the nursing facility and further "responsible for the policies, practices, supervision, implementation, and conduct of all matters pertaining to" the nursing facility, are "facts that give rise to plausible claims of a nexus between all defendants and a joint participation between all defendants." *Id.* at 8-9. The Court disagrees.

The Court finds Plaintiff's statement that both the Windsor nursing facility and Regency LLC acted under the color of state law are conclusory statements, which the Court need not accept as true. Reading the Plaintiff's First Amended Complaint in the light most favorable to her, the most the Plaintiff brings to the Court is a statement that: "The Windsor facility is owned by Defendant Starr County Hospital District." Dkt. No. 15 at 2. Further, Plaintiff's assertions that Starr County Hospital District owned and operated the Center and Regency, and that these two defendants acted under control of Starr County, the undisputed state actor, even if true, do not show a sufficiently close nexus between the private entities. Ownership itself does not show that Starr County Hospital District

"exercised coercive power." *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d at 1348. Additionally, the Court considers that Plaintiffs assertion that Hospital District was responsible for the policies, practices, supervision, implementation, and conduct of all matters pertaining to the Center and Regency is a conclusory statement it need not accept as true. Plaintiff's First Amended Complaint lacks any factual content regarding the Hospital District to invoke the required "under color of state law." Dkt. No. 15. The Plaintiff alleges an act, intentional short staffing to maximize profit, but does not plead the Hospital District's role. *Id.*

Even if the allegation that the Center and Regency intentionally short staffed the nursing facility to maximize profits was true, this does not suffice to show the Center and Regency as state actors, because it does not show Hospital District was actively implementing any policies, practices, or supervising the two private entities. *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d at 1348. At most, the Court could infer that Hospital District approved or acquiesced in the private parties' actions, and that the Court could possibly infer misconduct does not suffice. *Id.*

For these reasons, the Court finds that Plaintiff failed to plead sufficient facts to show these two private parties are state actors. Accordingly, Plaintiff failed to assert a valid Section 1983 claim against them.

***b. Plaintiff fails to establish a policy for which Hospital District (a state actor) may be held liable.***

"A municipality cannot be held liable under § 1983 on a theory of respondeat superior." *Shumpert v. City of Tupelo*, 905 F.3d 310, 316 (5th Cir. 2018) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). "Local governments are liable for a policy or custom that causes a constitutional injury under Section 1983," which is colloquially known as a *Monell* claim. *Austin v. City of Pasadena, Texas*, 74 F.4th 312, 332, 2023 WL 4569562, at *12 (5th Cir. July 18, 2023). Accordingly, a municipality can be subjected to civil liability only if the allegedly illegal conduct is "directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional

actions by municipal employees will almost never trigger liability." *Robinson v. Hunt Cty., Texas*, 921 F.3d 440, 449 (5th Cir. 2019).

"Municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 346 (5th Cir. 2017) (cleaned up). These elements "are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

The first element, an official policy or custom, may be proved through either a policy "officially adopted and promulgated" by the municipality or an official with policy making authority," or "persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute of custom that fairly represents municipal policy." *Burge v. St. Tammany Parish (Burge II),* 336 F.3d 363, 369 (5th Cir. 2003). Less commonly, a "single decision by a policy maker may, under certain circumstances, constitute a policy for which a [municipality] may be liable." *Brown v. Bryan County,* 219 F.3d 450, 462 (5th Cir. 2000) (alteration in original).

The second element requires the identification of a policy maker and proof of that policymaker's actual or constructive knowledge of the policy or custom. *Fennell v. Marion Independent School Dist.,* 804 F.3d 398, 413 (5th Cir. 2015) (quoting *Johnson v. Moore,* 958 F.2d 92, 94 (5th Cir. 1992)). The third element requires that a plaintiff show either that the policy itself was unconstitutional or that it was adopted with deliberate indifference to the known or obvious fact that a specific constitutional violation would follow." *Liggins v. Duncanville,* 52 F.4th 953, 955 (5th Cir. 2022) (internal citation omitted).

Municipalities do not have an affirmative obligation to have policies which prevent constitutional torts; they have an obligation not to maintain policies which create or

condone constitutional torts. *Thompson v. Upshur Cty., TX*, 245 F.3d 447, 462 (5th Cir. 2001).

In the present case, though both parties agree that Starr County Hospital is a state actor, Plaintiff must still establish the first element of a *Monell* claim, the official policy, to survive a motion to dismiss. *Austin v. City of Pasadena, Texas*, 74 F.4th at 332. Plaintiff may do so by pleading sufficient facts which, taken as true, would show that an official policy or custom exists through a policy officially adopted and promulgated by Starr County or an official with policy making authority. *Burge v. St. Tammany Parish (Burge II),* 336 F.3d at 369.

In her First Amended Complaint, Plaintiff states that Hospital District, "acting through Windsor, was responsible for the policies, practices, supervision, implementation, and conduct of all matters pertaining to Windsor and was responsible for the appointment, training, supervision, and conduct of all Windsor personnel." Dkt. No. 15 at 3, ¶ 16. Defendant argues that these statements are legal conclusions. Dkt. No. 21 at 4. Plaintiff argues that this statement "is a factual allegation that the Hospital District, as the owning governmental entity, was the source of and responsible for the facility-wide policies and practices that resulted in Mr. Portner's injuries." Dkt. No. 23 at 6. The Court agrees that statements are legal conclusions, not well-pleaded facts, because the statement merely alleges that Hospital District was responsible for policy and procedure. Plaintiff fails to plead facts which show Hospital District was indeed responsible for any of those matters. Because this statement is a legal conclusion, the Court need not accept it as true.

Plaintiff also adds that Hospital District "was responsible for enforcing the rules of Windsor facility and for ensuring that personnel employed in the facility obey the Constitution and laws of the United States and of the State of Texas." Dkt. No. 15 at 3, ¶ 16. Again, this statement does not plead any facts but includes legal conclusions only.

The Court also notes that Plaintiff pleads that the nursing facility was understaffed in comparison with national standards. Dkt. No. 15 at 6-10. Even taken as true, that the nursing facility was understaffed does not show that this is a policy officially adopted and promulgated by Hospital District. Additionally, Plaintiff states that "[m]anagers, owners

and operators of Windsor knew the facility was understaffed yet made no corrections to their budgeting to allow for additional needed staff to provide care to Mr. Portner." Dkt. No. 15, at 8, ¶ 58. However, Plaintiff does not plead facts which, taken as true, show that the managers, owners, and operators of the nursing facility actually qualify as an official with policy making authority.

For these reasons, the Court finds that Plaintiff's operative complaint does not plead facts which meet this first element, alleging "an official policy or custom," even when the Court views the facts in the light most favorable to her. *Burge v. St. Tammany Parish (Burge II),* 336 F.3d at 369. Accordingly, the Court finds that Plaintiff has failed to state a valid *Monell* claim against Defendant Starr County Hospital District.

***c. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.***

Plaintiff's First Amended Complaint alleges several state law claims as well as the Section 1983 claims. Because the Court finds that Plaintiff failed to state a valid Section 1983 claim as to all Defendants, Plaintiff does not state a valid federal law claim. Plaintiff requests the Court allow her to amend her complaint yet again. The Fifth Circuit Court of Appeals has decided that a district court has the "discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). An amended complaint is futile if the amended complaint would not survive a Rule 12(b)(6) motion. The Court finds that granting leave to amend a second time would be futile because even amendments to the complaint will not establish that Hospital District had an official policy or custom or that the other two Defendants are state actors.

Under the federal statute governing a federal court's exercise of supplemental jurisdiction, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under [which are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy] if…the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Further, a "district court's decision whether to exercise that [supplemental] jurisdiction after dismissing every claim over which it had

original jurisdiction is purely discretionary." *Id* at 639.[3] Applying 28 U.S.C. § 1367(c)(3), because the court recommends the dismissal of all claims over which it had original jurisdiction, the court recommends that the District Court decline to exercise supplemental jurisdiction over the remaining state law claims.

Because the Court is not exercising supplemental jurisdiction over the pending state law claims, the Court recommends dismissing the state law claims *without* prejudice. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) (stating that "the dismissal of the pendent claims should expressly be *without* prejudice so that the plaintiff may refile his claims in the appropriate state court.") (emphasis in original). Plaintiff is advised that the limitations period to file state claims in state court is "tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d). Additionally, the federal statue governing supplemental jurisdiction tolls a state law claim "not only while the claim is pending in federal court, but also for 30 days thereafter." *Artis v. District of Columbia*, 583 U.S. 71, 87 (2018).[4]

## VII. Recommendation

It is RECOMMENDED that the Court

(1) GRANT Defendant's Amended Motion to Dismiss (Dkt. No. 21);

(2) DISMISS Plaintiff's federal law claims with prejudice;

(3) DISMISS Plaintiff's state law claims without prejudice; and

(4) DIRECT the Clerk of Court to close this case.

---

[3] Additionally, the Court notes that the present case has not progressed past Plaintiff's First Amended Complaint to more than the Court issuing a scheduling order, and the Motion to Dismiss. The operative scheduling order shows that discovery will not end for about another 7 months. See Dkt. No. 20 (Scheduling Order). Additionally, the due date to file dispositive motions is not until March of next year. *Id.* The Court also has not set a trial date yet.

[4] *See also Portwood v. Nehls*, No. CV 4:19-4466, 2022 WL 4734386, at *4 (S.D. Tex. Sept. 30, 2022) (Hanks, J.) (advising the same); *Herron v. Thomas*, No. CV H-21-375, 2021 WL 6197303, at *2 (S.D. Tex. Dec. 29, 2021) (Rosenthal, J.) (advising the same); *Callicotte v. Hawthorne*, No. CV 3:18-331, 2020 WL 13888420, at *5 (S.D. Tex. Jan. 29, 2020) (Brown, J.) (advising the same).

## VIII. Notice to the Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on July 28, 2026

Karen Betancourt
United States Magistrate Judge